Per Curiam.
The action was for damages for alleged injury due to negligence of defendant’s brakeman or guard. The following facts were proved: The plaintiff approached the platform of a car of a train of defendants, standing and without motion. The guard was upon that platform, and saw or might have seen the plaintiff approaching. The gate of the platform was open. The plaintiff placed one foot upon the platform. Before he could step with the other foot, the guard closed the gate upon plaintiff’s foot. Immediately thereafter, or contemporaneously with the first motion imparted to the gate, the guard said, “the train is full ’’—pulling the signal for the train to start after the gate was closed. The closing of the gate fixed the foot of plaintiff, so that he could not then withdraw. He told the man that he could not move. The train was not stopped. By violent struggling and the twisting of the foot, the plaintiff extricated himself, before the platform was passed.
Upon the appeal an argument was made that the conduct of the guard was in obedience of chapter 399, Laws of 1881. Many considerations might be pointed out which would show the argument invalid. One will suffice in the judgment of the court. There is nothing in the statute which regulates the time when the guard should shut the gate ; or the contingency upon which it should be shut. The guard is to be controlled by existing circumstances. He had no right, as the jury have found, to shut it upon plaintiff, before he informed the latter that the train was full. If he thereafter, caused the train to move, he was responsible for bringing the plaintiff within a group of facts which was the cause of greater harm to plaintiff, than he first suffered by being pinned to the platform.
*262 It was supposed by the defendant’s learned counsel that the guard erroneously judged what his duty was. This may have been the case, yet he may have been negligent also. The latter question was left to the jury.
Some exceptions that were argued relate to the rights of the plaintiff as to damages. The judge instructed the jury that if they found for the plaintiff, they should give him such sum as he was fairly entitled to, to compensate him for the injury “ and to put him in such a position as he would have been in if he had not been injured.” There was an exception to the latter phrase. It was not an error, and the jury could not have been misled. The position meant was pecuniary position. Before he was hurt, he was in a certain condition. An injury occurred. If the jury should compensate him for it, he would be in the pecuniary condition that existed before the injury.
The court charged that the plaintiff should recover compensation “for his being compelled to be away from his business for the time he says he was confined to his bed, although there is no evidence tha,t he has lost anything, in consequence of his absence.” The defendant’s counsel, supposing that the charge was that the jury might compensate the plaintiff for a loss of business or business profits, excepted to the charge, as allowing damages for loss of time, or for services, or for injury to the business. The court expressly told the jury, that it was not to consider any injury to the business or for loss of time or of services, and that nothing was to be allowed for loss of time. There was no further exception. The court meant that the jury should consider the compensation for the personal disturbance and annoyance, in being confined to his bed, away from his business, not for any pecuniary loss occasioned by it, in the business. There was, however, no exception to the charge, from such a point of view.
The judgment ana order appealed from are affirmed, with costs.